UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CRISABEL BARRERA,<br><br>  Plaintiff,<br><br>VS.<br><br>PALOMAR SPECIALTY INSURANCE COMPANY,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 7:22-cv-234<br>§<br>§<br>§<br>§<br>§ |

## **OPINION AND ORDER**

The Court now considers Defendant's Motion to Stay Case Pending Outcome of Appraisal.[1] Plaintiff has not filed a response, and the motion is now ripe for the Court's consideration. After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion to stay.[2]

### I. BACKGROUND AND PROCEDURAL HISTORY

This case arises from an insurance dispute.[3] In her original petition, Plaintiff Crisabel Barrera alleges that on or about July 25, 2020, her property sustained damage from wind, rain, and debris during Hurricane Hanna.[4] Plaintiff reported the claim to Defendant on July 29, 2020,[5] and Defendant sent an agent or adjuster to inspect the property on August 7, 2020.[6] Defendant's agents

---

[1] Dkt. No. 5.
[2] *Id.*
[3] Dkt. No. 1-2.
[4] *Id.* at 4, ¶ 15.
[5] *Id.* at 5, ¶ 18.
[6] *Id.* at 5, ¶ 19.

or adjusters assessed damage at $17, 697.49,[7] while an independent contractor, presumably hired by Plaintiff, assessed the damage at $157,014.00.[8]

Plaintiff's retained counsel issued Defendant a demand letter on July 6, 2021.[9] Defendant replied with a settlement offer on July 25, 2021,[10] and then, on February 21, 2022, Defendant made a written demand for appraisal pursuant to the terms of the policy at issue in the instant motion.[11]

Plaintiff did not cooperate with the appraisal demand and instead, on July 12, 2022, filed suit in state court[12] Plaintiff seeks monetary relief for breach of contract, violations of the Texas Deceptive Trade Practice-Consumer Protection Act ("DTPA"), violations of the Texas Insurance Code, and violation of the common law duty of good faith.[13] On July 19, 2022, Defendant removed to this Court on the basis of diversity.[14]

## II. Discussion

### A. Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff is an individual living in Texas,[15] and is therefore a citizen of Texas.[16] Defendant is an Oregon corporation with its principal place of business in California.[17] Accordingly, the parties are completely diverse.[18]

Plaintiff demands payment in keeping with the independent damage assessment of $157,014.00.[19] Even less the amount Defendant has already paid, this exceeds the jurisdictional

---

[7] *Id*. at 5-6, ¶ 22.
[8] *Id.* at 7, ¶ 27.
[9] Dkt. 5-1.
[10] Dkt. 5-2.
[11] Dkt. 5-3.
[12] Dkt. No. 1-2.
[13] *Id.* at 9-24.
[14] Dkt. No. 1.
[15] Dkt. No. 1-2 at 2, ¶ 3.
[16] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).
[17] Dkt. No. 1 at 3, ¶ 2.3.
[18] *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).
[19] Dkt. 5-1.

threshold of $75,000 set by 28 U.S.C. § 1332(a). Accordingly, the Court agrees with Defendants that jurisdiction is proper in this Court.[20]

### B. Legal Standard

The Court sits in diversity and applies Texas substantive law to the provisions of the insurance policy.[21] While the decision about whether to stay a case is usually up to a court's discretion, a stay might be mandatory where "the parties' *contract*, not just judicial economy, compels this Court to abate Plaintiff's whole lawsuit."[22]

Appraisal provisions in an insurance policy "provide a means to resolve disputes about the amount of loss for a covered claim."[23] Under Texas law, "[appraisal] clauses are generally enforceable, absent illegality or waiver."[24] Thus, when confronted with a contractual provision that abates litigation pending appraisal, courts will typically enforce the provision in accordance with its plain meaning.[25] "While the trial court has no discretion to deny the appraisal, the court does have some discretion as to the timing of the appraisal."[26]

### C. Analysis

In the instant motion, Defendant seeks abatement of this suit via a stay "until after the completion of appraisal, at which time either party may move to lift the abatement."[27] It directs the Court's attention to the following language in the parties' insurance policy:

---

[20] *See* Dkt. No. 1.
[21] *See Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).
[22] *Debesingh v. Geovera Specialty Ins. Co.*, No. 4:18-cv-02316, 2018 U.S. Dist. LEXIS 171669, at *6 (S.D. Tex. 2018) (emphasis in original).
[23] *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009)).
[24] *Debesingh*, No. 4:18-cv-02316, 2018 U.S. Dist. LEXIS 171669, at *6 (quoting *Universal Underwriters*, 345 S.W.3d at 407).
[25] *See RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).
[26] *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002).
[27] Dkt. No. 5 at 4.

### 7. Appraisal.

b. If you or we fail to agree on the actual cash value (including the replacement costs and depreciation/obsolescence) or the incurred property damage of your claim loss, either you or *we may make a written demand for appraisal*. The appraisal shall be made strictly in accord with the terms of this appraisal clause. Neither you nor we may assign the right to demand appraisal, whether before or after loss or damage. Any assignment shall be void.

e. (1) The appraisers shall determine the incurred property damage, if any, to each of the component parts of that property for which you have claimed loss, and the actual cash value of the incurred property damage, as of the date of the loss. In determining the actual cash value of the incurred property damage, the appraisers shall only use reasonable costs of materials of like kind and quality unless the policy expressly provides otherwise.

### 12. Lawsuits Against Us.

c. You can file suit before or after appraisal is requested. *You and we agree that a suit must be abated if appraisal is requested until appraisal is complete*.[28]

Under the plain language of the policy, if appraisal is requested, the suit must be abated until appraisal is complete. Appraisal was requested on February 21, 2022,[29] and has not yet been completed. Absent a showing of illegality or waiver, then, this Court must stay the case.[30] The Court sees no evidence of illegality or waiver in the pleadings, and Plaintiff did not respond to the instant motion. Furthermore, in support of enforcement, Defendant argues that the appraisal

---

[28] Dkt. No. 5 at 2-3 (citing Dkt. No. 5-5, Insurance Policy) (emphasis added).
[29] Dkt. 5-3.
[30] *See Debesingh*, No. 4:18-cv-02316, 2018 U.S. Dist. LEXIS 171669, at *6 (quoting *Universal Underwriters*, 345 S.W.3d at 407).

process will establish the amount of loss and that the completion of the appraisal process will likely resolve or at least narrow the breach of contract and extra-contractual claim.[31]

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's motion,[32] **STAYS** all discovery in this case until completion of the appraisal process, and **CANCELS** the parties' initial pretrial and scheduling conference set for October 18, 2022.[33] A status conference is hereby set for **January 10, 2023,** at **9:00 a.m.** so that the parties can inform the Court whether appraisal is complete and if the stay should be lifted.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of September 2022.

                                              Micaela Alvarez
                                      United States District Judge

---

[31] *See generally* Dkt. No. 5.
[32] *Id.*
[33] *See* Dkt. No. 7.